## 492. JAQUES & TINSLEY COMPANY *v.* CARSTARPHEN WAREHOUSE COMPANY.

This case is controlled by the answers of the Supreme Court to the questions which were certified therein by this court to that court.

Certiorari, from Bibb superior court—Judge Felton. March 25, 1907.

Argued October 15, 1907.—Decided July 31, 1908.

*Charles H. Hall Jr.,* for plaintiff in error.

*Martin & Morcock,* contra.

POWELL, J. Hammock, a retail merchant of Macon, while indebted to Jaques & Tinsley Company in the sum of $200.98, and to the Carstarphen Warehouse Company in the sum of $71.98, for merchandise, transferred his entire stock of goods, amounting to $71.68, to the former company, without complying with the act of August 17, 1903 (Acts 1903, p. 92), the transfer being made in part payment of the debt which Hammock owed. The Jaques & Tinsley Company immediately sold this stock of goods to a third

person. Afterwards the Carstarphen Warehouse Company sued Hammock (who had in the meantime absconded) by attachment, and levied the same by serving summons of garnishment on the Jaques & Tinsley Company. The above facts appearing to the justice of the peace, he entered judgment against the garnishee for $71.98 principal, with interest and costs. The Jaques & Tinsley Company except to the overruling of the certiorari in the superior court.

The assignments of error raised two questions. Both of these questions were certified to the Supreme Court and have been answered as follows:

"1.  Where A bought from B a stock of goods in bulk, in part payment of a debt then due by B to A, without complying with the provisions of the act approved August 17, 1903 (Acts 1903, p. 92), 'to regulate the sale of stocks of goods, wares, and merchandise in bulk,' etc., A was liable in garnishment to a creditor of B for the value of the goods, when the same was not more than the amount of the indebtedness sought to be collected from B, although A had disposed of the goods before the service of the summons of garnishment.

"2.  The act above referred to is not violative of the provision of the constitution of Georgia which declares: 'No person shall be deprived of life, liberty, or property, except by due process of law;' nor of the provision of the Federal constitution which declares: 'No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.'"  See also the full opinion of the Supreme Court. *Jaques & Tinsley Co.* v. *Carstarphen Warehouse Co.*, 131 *Ga.* 1 (62 S. E. 82).

The justice of the peace entered judgment against the garnishee for $71.98, whereas the evidence shows that the entire value of the Hammock stock of goods was $71.68. The judgment is, therefore, affirmed, with direction that the defendant in error write off from the judgment obtained in the lower court the sum of thirty cents. This is a small amount, but the plaintiff in error claims the point. "The law allows it, and the court awards it."

*Judgment affirmed, with direction.*